## Bateman v. Bateman

*F. J. McDonnell,* for libellant.

*F. M. Walsh,* for respondent.

LEWIS, J., February 17, 1937.—A libel in divorce was filed at the instance of the husband charging his wife with desertion; a formal answer was filed by respondent; a hearing was held, and immediately upon the opening of the hearing counsel for libellant moved to amend the libel in divorce changing the date of desertion from October 15,

1929, alleged in the libel, to July 28, 1930. Counsel for respondent objected to the amendment and no formal order was made allowing the amendment. However, we ruled "an amendment can be made at any time." We, therefore, will treat this case as if the amendment had been formally made by separate paper filed. Respondent in her answer sets up the following:

"Respondent avers that on February 7, 1934, libellant instituted a previous action for divorce against respondent in the Court of Common Pleas of Lackawanna County, to no. 612, March term, 1934, wherein he charged respondent with wilful and malicious desertion on October 15, 1929, the identical date on which he alleges the malicious and wilful desertion occurred in the present case; that after hearing thereon, and testimony taken therein, the case was formally adjudicated and by decree of the court the divorce was refused. It is further averred that the status of libellant and respondent has not changed since the refusal of the court to grant a divorce to libellant in the former case above mentioned."

At the hearing the files of the divorce proceedings entered in this court to no. 612, March term, 1934, were offered in evidence and received by the court without objection.

The libel in divorce proceedings no. 612, March term, 1934, was filed on February 7, 1934, and alleges that respondent deserted libellant on October 15, 1929. The proceedings were dismissed in an opinion handed down by Newcomb, P. J., on April 25, 1934.

The amendment which was allowed at the hearing was made for the purpose of having the date conform with the proofs submitted at the hearing in case no. 612, March term, 1934. The decree refused in said number was not appealed from and remains a final decree of this court.

Respondent maintains that the present divorce action should be dismissed on the ground that the subject matter thereof is res adjudicata. We have examined this question carefully for the reason that counsel for respondent stated

in his brief that he has discovered no appellate court cases in point, but cites two lower court cases: Sliker v. Sliker, 49 Pa. C. C. 33; Schlee v. Schlee, 61 Pitts. 132.

"A decree dismissing a complaint for divorce on the merits is a bar to a subsequent suit upon the same cause of action": 14 Cyc. 275, 276.

In the case of Roth v. Roth, 15 Pa. Superior Ct. 192, we find the following facts as reported: Libellant applied for an absolute divorce on the ground of cruel and barbarous treatment, her libel being amended on December 11, 1895. Then litigation continued until adjudicated by Barker, P. J., specially presiding, who dismissed the petition on April 9, 1896. No appeal was taken from this adjudication. On July 15, 1899, libellant again presented a petition seeking divorce, alleging cruel and barbarous treatment, etc. The court at the second trial, which was before a jury, charged as follows:

"Now, gentlemen, you will consider the evidence. This case was heard once before in this court; there was no demand for a jury trial; the testimony was taken by the court, and this court submitted the case to Judge Barker, of another county, who was at that time hearing cases here, and he made a decree refusing the divorce on the ground that the facts had not been made out by the weight of the testimony and on some other grounds, and now, gentlemen, that was an adjudication of this case up until that time, the filing of the bill, or rather up until the time the bill was amended. The petition in that case was filed on March 11, 1895, and it remained in that way until December 11, when the plaintiff, by her attorney, came into court and asked the court to allow an amendment, and the court allowed the amendment, and in that they laid other grounds, and to sustain their position they offered proof before the court and that was submitted to Judge Barker, and on it he determined the case; whether Judge Barker's decision was right or wrong is not for us to decide, and I am sorry either of the attorneys commented upon it; it was out of place to try Judge Barker or his decision. Now,

the plaintiff in this case took no appeal to the higher court from the decree of Judge Barker, therefore that is settled and fixed firmly, absolutely, and we could not now turn the facts which he heard over to you as a jury to decide, so we have to throw that clear out of the question."

The Superior Court in considering the appeal from Rice P. J., made the following pertinent statement at the bottom of page 202 and the top of page 203:

"Before submitting the present case to the jury the court struck out all testimony relating to the conduct of the defendant prior to the date of the amendment of the first libel (December 11, 1895) upon the ground, as stated in the order, that the former decree was a conclusive adjudication of the matters occurring before the date last mentioned. The correctness of this ruling is not now before us, but whether the evidence as to the prior conduct of the defendant was admissible on the trial of present libel or not, we think it clear that the former decree was a conclusive adjudication of the insufficiency of his acts prior to December 11, 1895, to justify a divorce. See 5 Am. & Eng. Ency. of Law (1st ed.), 847."

We find Judge Endlich, one of the ablest common pleas judges in this State, in an opinion handed down in the case of Scharadin v. Scharadin, 10 Berks 130, on December 22, 1917, has decided as follows:

"A libel in divorce will be dismissed and the divorce refused where the evidence shows that the libellant had previously begun a divorce action upon the same grounds against the respondent in another jurisdiction, in which action the divorce had been refused by the Court on the merits of the case.

"The fact that the Court's opinion in refusing the divorce in the prior case upon the evidence and facts, referred to the question of jurisdiction as a possible objection to the entry of any decree in favor of the libellant, does not prevent the decree from being a bar on the principle of res adjudicata."

To the same effect, see the case of Kershaw v. Kershaw, 5 Dist. R. 551.

It, therefore, seems to be clear that as long as the judgment of Bateman v. Bateman, no. 612 March term, 1934, stands, it is not possible for John A. Bateman in this way to litigate the question that was determined against him when he previously had full opportunity of being heard.

We have some evidence that the constable and a witness who accompanied the constable went to Sunbury, where respondent resided, and requested a reconciliation with her husband. It is to be noted that at the time the constable sought such reconciliation a libel in divorce had already been filed in our courts, and a subpoena, which was in the pocket of the constable, was ready for service. Under the circumstances we are satisfied that the offer of reconciliation was not made in good faith. At any rate it was the duty of libellant before commencing the present suit to have offered a home to respondent, and the statutory period for desertion would have commenced from the date of the attempted reconciliation. The record is barren of any attempt to furnish a home by libellant from the time of the refusal of the divorce to the date of the filing of his libel.

In our opinion, respondent has not produced any testimony to change the status of the parties.

Now, therefore, February 17, 1937, the rule for a decree in divorce is discharged and the proceedings are dismissed at the cost of libellant.